MOSES D. TENANT, as Administrator with the Will Annexed of WILLIAM H. RENOUARD, Deceased, Respondent, *v.* EUGENE. DUDLEY, Appellant.

*Life insurance policy, as collateral security — right to the proceeds.*

When a policy or certificate of life insurance has been assigned by the insured to a creditor as collateral security by inserting in such certificate the creditor's name as that of the beneficiary, such beneficiary, on payment to him of the amount of the certificate, by the insurance company, on the death of the insured, will be entitled to retain, as against the personal representative of the insured, only the actual amount of the indebtednesss due to him from the decedent.

APPEAL by the defendant, Eugene Dudley, from a judgment of the Supreme Court, entered in the office of the clerk of Chautauqua county January 26, 1892, on the verdict of a jury at the Chautauqua Circuit; and also from an order entered in said clerk's office January 16, 1892, denying his motion for a new trial made on the minutes of the court.

*Cooke, Fisher & Wade*, for the appellant.

*S. W. Mason*, for the respondent.

MACOMBER, J. :

This action was brought to recover the amount received by the defendant upon a policy or certificate of life insurance issued by a company, known as the Equitable Aid Union, in the sum of $1,800 upon the life of the plaintiff's testator, William H. Renouard. This certificate or policy was originally made payable to the insured, or to his wife, but subsequently it was surrendered and a new certificate or policy taken, made payable to the defendant Eugene Dudley. This policy was originally issued in the year 1886. In November of that year the arrangement for a change in its terms in respect to the beneficiary or payee, was made by the insured and the defendant, and the same was ratified and carried into effect by the company.

The complaint proceeded upon the ground that this assignment of the original policy, or the arrangement by which the new certificate was issued to the defendant, was made as collateral security to the defendant for the payment of an indebtedness of about $180 owing to him by the insured.

The answer averred that such indebtedness amounted, at the time of this arrangement, to upwards of $1,300, and that the defendant took an absolute title to the policy and was entitled to the payment of the entire sum of $1,800. It was also averred in the answer and proved, that after the assignment of the policy to the defendant, the latter continued to pay all premiums falling due until the 29th day of January, 1889, the date of the death of the insured. No question was raised with the company touching the right of the defendant to receive, under the assignment, the entire sum of $1,800. This action is brought to recover such sum, less the amount of the indebtedness owing by the insured to the defendant.

The evidence shows with much conclusiveness that the defendant received the assignment of this policy or certificate as collateral security only for the payment to him of any sum which might be owing by the insured to him. The verdict of the jury was in the sum of $1,196 for the plaintiff. This result is amply sustained by a clear preponderance of the evidence. Indeed, in view of a writing put in evidence, executed by the defendant, with others, on the 5th day of March, 1889, any verdict more favorable than this to the defendant could hardly be expected, and if such verdict had been rendered the same could not have withstood a motion for a new trial upon the ground that it was against the weight of evidence. By this written agreement, under seal, executed within two months of the death of the insured, the defendant agreed to receive as his part of the sum to be paid by the insurance company, the sum of $500 in full discharge of all his claims upon the policy, and the residue of that sum was to be divided in a manner not necessary to state for the purposes of this decision except that it was to go to the supposed next of kin or heirs at law of the insured. With this unmistakable evidence in the case, the claim now set up by the defendant must be deemed to be wholly untenable.

Certain exceptions appear to the rulings of the court upon the reception of evidence which have been a subject of examination by

us, but they are not, in our judgment, of sufficient moment to call upon us for any discussion.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.